FILED
2020 Nov-30 PM 01:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **BERANDA WARE,** )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>**STATE FARM FIRE AND** )<br>**CASUALTY COMPANY,** )<br>**Defendant.** ) | Case No. 1:19-cv-01077-ACA |

## MEMORANDUM OPINION

A fire destroyed Plaintiff Beranda Ware's house and she made a claim under her insurance policy with Defendant State Farm Fire and Casualty Company ("State Farm"). State Farm did not deny the claim, but after ten months it also had not paid the claim, so Ms. Ware sued State Farm alleging a breach of contract. Before the court is State Farm's motion for summary judgment. (Doc. 23).

After careful consideration, the court **WILL GRANT** the motion in favor of State Farm and against Ms. Ware because she has not presented any evidence that she satisfied the conditions precedent to coverage. Therefore, State Farm has no duty under the policy.

### I.  BACKGROUND

In deciding a motion for summary judgment, the court "draw[s] all inferences and review[s] all evidence in the light most favorable to the non-moving party."

*Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012) (quotation marks omitted).

Ms. Ware owned a home located at 1219 W. 14th Street, Anniston, Alabama. (Doc. 1-1 at 7). In August 2018, Ms. Ware's home caught fire and sustained substantial damage to the structure and personal property located inside. (*Id*. at 8). At the time, State Farm Policy 01-BD-X751-9 ("the Policy") insured the house. (Doc. 22-1 at 2 ¶ 5). In accordance with the terms of the Policy, Ms. Ware notified State Farm of her claim six days after the fire. (Doc. 22-1 at 2 ¶¶ 2, 6).

The Policy obligates Ms. Ware to cooperate in the investigation of the claim, including submitting to an examination under oath and providing requested records and documents. (Doc. 22-1 at 36 ¶¶ 2, 2(d); Doc. 22-10 at 2–3). As part of its investigation, State Farm requested that Ms. Ware provide financial and mortgage documentation including, among other things, tax returns, mortgage payment history, proof of income, credit and loan agreements and monthly bank statements. (Doc. 22-10 at 3–4 ). Ms. Ware did not provide any responsive documentation until May 28, 2019. (*Id.* at 10). And, as of at least the week before she filed suit, Ms. Ware had not fully responded to State Farm's request for documents. (*Id.*).

The Policy also requires an inventory of damaged property, including the "quantity, description, age, replacement cost, and amount of loss," as well as documentation to substantiate the replacement cost and amount of loss. (Doc. 22-1

at 36 ¶ 2(c)).  A month after Ms. Ware submitted her claim, State Farm sent Ms. Ware a link to a website where she could fill out a personal property inventory. (Doc. 22-1 at 3 ¶ 8).  But Ms. Ware did not submit the inventory of her personal property for over six months.  (Doc. 22-1 at 3, ¶ 10).

The written inventory Ms. Ware initially submitted did not contain the information required by State Farm.  Rather, Ms. Ware merely provided a list of thirty-seven items without including a "detailed description of [each] item." (Doc. 22-6 at 2–3; Doc. 22-7 at 3).  Ms. Ware did not provide the model number and/or specifications, condition, or age for *any* item (doc. 22-1 at 4, ¶¶ 13–15; doc. 22-6 at 2–3; doc. 22-7 at 3) and identified only two items on the initial inventory by brand, (doc. 22-1 at 4 ¶ 13).  Ms. Ware also failed to attach any documentation evidencing ownership of any items.  (Doc. 22-1 at 4–5 ¶ 15; Doc. 22-6 at 2–3; Doc. 22-7 at 3).

In May 2019, Ms. Ware submitted a supplemental inventory listing forty-one items and stating that she had $29,577.02 in lost or damaged personal property. (Doc. 22-1 at 5; Doc. 22-8 at 3).  Ms. Ware's supplemental inventory was no more detailed than her initial inventory, except she did give the brand of her desktop computer.  (Doc. 22-1 at 5, ¶ 18; Doc. 22-8 at 2–3; Doc. 22-8 at ¶ 14).  Once again, Ms. Ware did not provide any evidence ownership of these items.  (*Id.*)

State Farm sent Ms. Ware four letters between January 2019 and June 2019 requesting information related to her claim.  (Doc. 22-9 at 3; Doc. 22-10).  On June

3, 2019, State Farm wrote Ms. Ware's attorney describing all outstanding document requests and deficiencies in detail and listed eighteen categories of documents Ms. Ware failed to produce.  (Doc. 22-10 at 10–12).  Ms. Ware did not respond to that letter or produce the requested documents.  Instead, she filed this lawsuit seven days later.  (*See* Doc. 22-9).

## II.   DISCUSSION

Ms. Ware's complaint states one cause of action for breach of contract. Before the court addresses the merits of her claim it has an obligation to determine jurisdiction over the complaint.  *United States v. Hays*, 515 U.S. 737, 742 (1995) ("[F]ederal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines.") (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230–31 (1990)). Accordingly, the court will first address whether Ms. Ware has standing to bring this action, then address the merits of her claim.

### A.   Ms. Ware's Standing to Bring the Claim

State Farm has not actually denied Ms. Ware's claim.  And, because Ms. Ware's complaint did not address this fact, the court ordered Ms. Ware to show cause whether she has standing to bring the complaint.  (Doc. 42).  Ms. Ware's response contends that "[w]hile State Farm has not formally denied [her] insurance claim, its actions during the 10 months prior to [Ms. Ware's] suit constituted a

constructive denial of her claim constituting an anticipatory repudiation of its own obligations under the Subject Policy." (Doc. 44 at 2). And, she contends, this constructive denial caused her economic injury. (*Id.*)

State Farm counters that because the facts of the case do not support Ms. Ware's claim of constructive denial, she does not have standing. The court recognizes that "the question of whether the plaintiff 'has a cognizable injury sufficient to confer standing is closely bound up with the question of whether and how the law will grant [her] relief.'" *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1084 (11th Cir. 2019) (citation omitted). But courts must consider "Article III's requirement of injury in fact" separately from "a plaintiff's potential causes of action, for the concepts are not coextensive." *Id.* (quotation omitted).

Here, State Farm's argument conflates these two distinct questions. Analyzed separately, the court finds that Ms. Ware alleged sufficient facts to establish that she suffered an injury in fact. She alleges that State Farm caused her economic injury by failing to timely satisfy her claim. For purposes of standing, this allegation is enough. Accordingly, Ms. Ware has standing to bring her claim for breach of contract.

    B.    <u>The Merits of Ms. Ware's Claim.</u>

Having determined that Ms. Ware has standing to assert a claim of breach of contract, the court must now determine whether State Farm repudiated or breached

the Policy. Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Ms. Ware asserts that State Farm breached the contract by failing to pay insurance proceeds due to Ms. Ware as a named insured. (Doc. 1-1 at 15). For Ms. Ware to survive summary judgment, she must present evidence from which a reasonable jury could find: (1) the existence of a valid contract between her and State Farm, (2) her performance under the contract, (3) State Farm's failure to perform, and (4) resulting damage. *State Farm Fire and Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999) (*citing So. Medical Health Sys. v. Vaughn*, 6s69 So. 2d 98, 99 (Ala. 1995)). It is clear from the evidence that a valid contract exists between Ms. Ware and State Farm. (Doc. 22-2). However, Ms. Ware cannot establish her performance under the contract. Thus, State Farm did not have a duty to perform under the contract.

It is well settled that an insured has an obligation to satisfy all contractual conditions precedent to coverage. *Nationwide Ins. Co. v. Nilsen*, 745 So.2d 264, 267 (Ala. 1998). And, an insurer's obligation to pay—or even evaluate—covered claims under a policy of insurance is not triggered until the insured complies with the insurer's reasonable requests pursuant to a "duties after loss" provision. *See Nilsen*, 745 So. 2d at 266 (citation omitted). Under the terms of the Policy, Ms. Ware was

required to (1) provide documents requested by State Farm; (2) provide an inventory list "showing in detail the quantity, description, age, replacement cost, and amount of loss;" (3) provide "all bills, receipts, and related documents that substantiate the figures in the inventory;" and (4) submit a sworn proof of loss statement within 60 days of the occurrence.  Only after complying with these conditions could Ms. Ware recover under the insurance contract.

It is undisputed that Ms. Ware did not produce most of the requested documents to State Farm before filing suit.  (*See* Doc. 22-9).  And, Ms. Ware admits her descriptions in her inventory are too vague to enable State Farm to adequately assess the value of her claim.  (Doc. 22-4 at 12–13, 42:3–45:9).  Under these facts, Ms. Ware's breach of contract claim fails as a matter of law.  *Nilson*, 745 So.2d at 266.

Ms. Ware contends that she is relieved from her obligations under the contract because State Farm did not provide her with a copy of the Policy and/or because the information State Farm requires was destroyed in the fire.  (*See* Doc. 25 at 14–17, 23).  Ms. Ware cannot prevail on either of these arguments.

Ms. Ware contends that it is "undisputed" that State Farm failed to provide her with a copy of the Policy until months after she filed the instant lawsuit.  (Doc. 25 at 14 (*citing* Doc. 26-14)).  Ms. Ware's contention is based entirely on a declaration she filed in response to State Farm's motion for summary judgment.  (*See*

Doc. 26-14). In it, Ms. Ware testifies that "at no time prior to the fire which destroyed my home . . . , did I have a copy of State Farm's Policy of Insurance on that property." (*Id.*).

But Ms. Ware's declaration does not preclude summary judgment in this case. The statement contained in Ms. Ware's declaration is flatly contradicted by Ms. Ware's previous sworn testimony.[1] (Doc. 22-3 at 3, 5:3–5:6 (testifying that she received a copy of the policy when it was issued)). Because Ms. Ware did not provide any explanation for this contradiction, the court will disregard the testimony in the declaration. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) ("Under the law of this Circuit, we may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony."). Thus, the only evidence before the court establishes that Ms. Ware received a copy of the Policy when she procured her insurance, and State Farm is not estopped from asserting conditions precedent to its obligation to pay or evaluate the claim.

And, even if the court accepted Ms. Ware's testimony that she never received the Policy, she cannot establish the prejudice necessary to relieve her of its requirements. Alabama law provides that an insurer may be estopped from asserting

---

[1] Ms. Ware's assertion that she never received a copy of the Policy is also contradicted by her attorney's representation that it was destroyed in the fire. (Doc. 26-6 at 3).

conditions of coverage where the insured is prejudiced by the insurer's failure to deliver a copy of the policy to the insured. Ala. Code § 27-14-19; *Brown Mach. Works & Supply Co., Inc. v. Ins. Co. of N. Am.*, 659 So.2d 51, 61 (Ala. 1995). State Farm notified Ms. Ware of her obligations under the Policy—by quoting directly from its terms—in November 2018. (Doc. 26-2 at 3–4). If Ms. Ware had questions about the accuracy of these obligations, she could have requested a copy of the policy. Yet the evidence before the court establishes that she did not request a copy of the Policy until after she filed this lawsuit. (Doc. 26-6 at 3). Moreover, State Farm has not denied coverage because Ms. Ware failed to comply with her obligations under the Policy. Because Ms. Ware cannot show prejudice, State Farm is not estopped from asserting conditions of coverage.

Finally, Ms. Ware alternatively argues that State Farm was obligated to perform under the contract because she satisfied the conditions precedent "as best as she could." (Doc. 30 at 23). Notably, Ms. Ware does not assert that she lacked the ability to obtain replacement documents. Instead, she simply argues that her copies of the records were burned in the fire and were not in her physical possession. Ms. Ware does not cite, and this court cannot find, any legal authority to support the argument that State Farm can only require a policyholder to produce documents in her physical possession. Moreover, the argument makes little practical sense. As the owner of the personal property and accounts, Ms. Ware is in the best position to

obtain the necessary information as efficiently and expeditiously as possible. Accordingly, Ms. Ware cannot prevail under this argument.

### III.  CONCLUSION

Because Ms. Ware did not satisfy the conditions precedent to which she was obligated, State Farm was under no obligation to fulfill its part of the contract. Consequently, State Farm did not breach its contract with Ms. Ware.  For the foregoing reasons, the court **WILL GRANT** State Farm's motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in favor of State Farm and against Ms. Ware.  The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this November 30, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE